THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW JOSEPH, ISAMU FAIRBANKS, IAN DOUGHTY and MARTIN CRAIG, | |
| Plaintiffs, | Case No. 13-cv-2279 |
| v. | Honorable Judge John W. Darrah |
| LISA CARNES, GREGORY PEASE, RICK JACOBS and CHRIS HAMILTON, | JURY TRIAL DEMANDED |
| Defendants. | |

### JOINT RULE 26(f) DISCOVERY PLAN

Plaintiffs Andrew Joseph, Isamu Fairbanks, Ian Doughty and Martin Craig, and Defendants Lisa Carnes, Gregory Pease, Rick Jacobs and Chris Hamilton, by their respective undersigned counsel, submit the following as their Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f).

A. **Changes in the timing, form, or requirement for disclosures under Rule 26(a).**

   None anticipated. Per the Court's September 25, 2013 Order (Dckt. No. 67), the parties are to exchange Rule 26(a)(1) Disclosures on or before October 23, 2013.

B. **The subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

   (1) The parties anticipate taking discovery on all issues raised as alleged in the pleadings.

   (2) Plaintiffs propose that all discovery, including expert discovery, be concluded within 90 days of the Court's October 31, 2013 Scheduling Conference, or by January 31, 2014. Defendants propose that all discovery, including expert discovery, be concluded within 118 days of the Court's October 31, 2013 Scheduling Conference, or by February 28, 2014.

   (3) Plaintiffs do not believe discovery should be conducted in phases or limited to or focused on any particular issues, except that it is Plaintiffs' position that depositions already taken in conjunction with the preliminary injunction

hearing should not be repeated. Defendants believe discovery should be conducted in two phases: (1) on the issue of whether or not the Defendants violated the Stored Communications Act, and (2) any damages resulting from such alleged violations. Defendants believe that standard restrictions on depositions should apply, and that depositions previously taken for the limited purpose of a preliminary injunction hearing should not restrict the deposition of any witness on broader issues.

**C.** **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**.

Plaintiffs have requested documents and emails be produced in their native forms with metadata preserved. It is Plaintiffs' position that documents were not produced in this manner. It is Plaintiffs' position that electrically stored information (ESI) should be produced in native format. Plaintiffs have requested electronic discovery related to any searches Defendants may have performed on their computers. The parties have reached an agreement that Plaintiffs will seek this discovery first from the services that provide the email archiving service. To the extent Plaintiffs are unable to obtain the requested information, they reserve the right to seek discovery of the ESI from Defendants, including discovery of a hard drive which Defendants obtained from the email archive service provider. Although Defendants have requested that Plaintiffs produce electronically stored information, Plaintiffs have produced no such electronic information, and have produced a total of 15 pages of documents in response to Defendants' requests for production.

**D.** **Any issue about claims of privilege or of protection**.

None known at this time, but the parties reserve rights to raise any such issues which may arise.

**E.** **What changes should be made in the limitations on discovery imposed under these rules?**

The parties do not believe changes in the limitations of discovery are necessary.

**F.** **Any other orders the court should issue under Rule 26(c), or 16(b) or (c)**.

None known at this time.

//

//

//

//

2

| | |
|---|---|
| Andrew Joseph, Isamu Fairbanks, Ian Doughty and Martin Craig | Lisa Carnes, Gregory Pease, Rick Jacobs, and Chris Hamilton |
| /s/ Dean A. Dickie | /s/ Peter Ordower |

Dean A. Dickie, Esq.
Kathleen E. Koppenhoefer, Esq.
Ryan C. Williams, Esq.
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
225 West Washington Street
Suite 2600
Chicago, IL 60606
Telephone: (312) 460-4200
Facsimile: (312) 460-4288
Email: dickie@millercanfield.com
Email: koppenhoefer@millercanfield.com
Email: williamsr@millercanfield.com
*Counsel for Plaintiffs*

Peter Ordower, Esq.
LAW OFFICE OF PETER ORDOWER, P.C.
10 South LaSalle Street
Suite 3500
Chicago, IL 60603
Telephone: (312) 263-8060
Facsimile: (312) 263-8083
Email: lawfocus@msn.com

Carmen D. Caruso, Esq.
Jamie L. North, Esq.
Sarah J. Isaacson (Of Counsel)
CARMEN D. CARUSO LAW FIRM
77 West Washington Street
Suite 1900
Chicago, IL 60602
Telephone: (312) 626-1160
Email: cdc@cdcaruso.com
Email: jln@cdcaruso.com
Email: sji@cdcaruso.com
*Counsel for Defendants*