UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW JOSEPH, ISAMU FAIRBANKS, IAN DOUGHTY, and MARTIN CRAIG, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 13-cv-2279 |
| v. | ) ) Judge John W. Darrah |
| LISA CARNES, GREGORY PEASE, RICK JACOBS, and CHRIS HAMILTON, | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Defendants filed a Motion to Bar Putative Expert Witness and Expert Witness Report [104]. For the reasons stated below, the Motion is granted.

### BACKGROUND

Plaintiffs Andrew Joseph, Isamu Fairbanks, Ian Doughty, and Martin Craig filed suit against Defendants Lisa Carnes, Gregory Pease, Rick Jacobs, and Chris Hamilton on March 26, 2013, alleging two counts: a civil cause of action under the Stored Communications Act (the "SCA"), 18 U.S.C. § 2701; and civil conspiracy. The SCA creates an offense where an individual: "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage." 18 U.S.C. § 2701(a). Plaintiffs now seek to introduce testimony and an expert report from Dr. Arnita Allen, a law professor and doctor of philosophy, regarding the SCA.

## LEGAL STANDARD

"The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the Supreme Court's opinion in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). Under Federal Rule of Evidence 702,

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. A trial court must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. Expert testimony is admissible where "the testimony is reliable and would assist the trier of fact to understand the evidence or determine a fact at issue in a case." *Lewis*, 561 F.3d at 705. The party seeking to introduce expert testimony bears the burden of demonstrating that the proposed testimony satisfies this standard by a preponderance of the evidence. *Id.* (citing Fed. R. Evid. 702; *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987)).

## ANALYSIS

The admissibility of expert testimony is governed by a three-step analysis: "the witness must be qualified as an expert by knowledge, skill, experience, training, or education; the expert's reasoning or methodology underlying the testimony must be scientifically reliable; and the testimony must assist the trier of fact to understand the evidence or to determine a fact in issue." *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007) (internal citations

2

and quotations omitted). "The rejection of expert testimony is the exception rather than the rule." *Spearman Indus. v. St. Paul Fire & Marine Ins. Co.*, 128 F. Supp. 2d 1148, 1150 (N.D. Ill. 2001).

> Plaintiffs seek to submit Dr. Allen's report and testimony on
>
> (i) the structure of the Defendants' relationship with 123Together and Sonian and how that structure falls within the ambit of the SCA; (ii) the manner in which the stored emails at issue fit within a reasonable interpretation of the SCA; (iii) the way in which the Defendants accessed, obtained and searched emails in this case and how that activity was in contravention of the SCA; and (iv) the manner in which damages should be calculated under the SCA in order to properly compensate Plaintiffs.

(Resp. at 12.). They also seek to introduce Dr. Allen's testimony on subjects including:

> i) the historical backdrop against which the SCA was enacted in 1986; (ii) the technological advances which necessitated passage of the SCA; (iii) how electronic mail technologies and data storage facilities have changed since the SCA was enacted; (iv) the context for understanding several key technology terms which will be referred to throughout the trial; and (v) the legislative intent behind the initial passage of the SCA and how advancements in technology relate to the language in the SCA.

(Resp. at 12.) Defendants object to the inclusion of this testimony, arguing that Dr. Allen is not qualified, that her testimony would not help the trier of fact to determine a fact in issue, and that her testimony contains impermissible legal conclusions.

Because the resolution of the latter two issues are dispositive, a discussion of Dr. Allen's qualifications is unnecessary.[1] Plaintiffs submit that Dr. Allen's proposed testimony, as set out above, would be "potentially instructive to the trier of fact in understanding the role, purpose, meaning and application of the SCA." (Resp. at 12.) This testimony will not assist the fact

---

[1] While Dr. Allen has taught approximately thirty courses on privacy law, she has not been retained by any court as an expert. Nor has she been certified or hired in any case as an expert in privacy law.

3

finder to understand the evidence or to resolve material facts. Moreover, permitting a witness to tell the jury about her legal research on meanings of key terms impermissibly allows "the jury to infer that it could look to that witness for legal guidance." *Harbor Ins. Co. v. Cont'l Bank Corp.*, 922 F.2d 357, 366 (7th Cir. 1990). It is also improper for a legal expert to explain the purpose and goals of a statute. *See In re Ocean Bank*, 481 F. Supp. 2d 892, 901 (N.D. Ill. 2007) (holding that expert went beyond proper testimony in explaining the goals and meaning of the Fair Credit Reporting Act). Thus, any testimony by Dr. Allen regarding her research into the SCA, the history and purpose of the SCA, and the meaning and application of any terms within the SCA is inadmissible as irrelevant.

"[E]xpert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). Dr. Allen's report largely consists of her analysis of case law, and the history and purpose of the statute, which leads to the legal conclusion that Defendants are guilty of violating the SCA. While Plaintiffs make some argument that Dr. Allen will identify and discuss privacy standards, this is not present in her report except for a two-page discussion of the importance of privacy in Illinois. (Resp. Ex. B, pps. 12-13.) Furthermore, Plaintiffs' reliance on *Richman v. Sheahan*, 415 F. Supp. 2d 929, 947 (N.D. Ill. 2006), is misplaced. In *Richman*, the court allowed defense experts to testify regarding whether a defendant acted reasonably and appropriately in the context of professional standards. *Richman*, 415 F. Supp. 2d at 947-48. Here, Dr. Allen would be testifying as to whether Defendants violated a federal statute, not whether their actions were reasonable in comparison to a professional standard. Testimony has been permitted as to legal standards when those standards were not the issue in the case. *See, e.g., Haley v. Gross*, 86

4

F.3d 630, 645 (7th Cir. 1996) (expert witness testified regarding his background setting prison policies that complied with constitutional law).

While the rejection of expert testimony is the exception rather than the rule, it is appropriate here, where the proposed expert testimony improperly instructs the trier of fact and includes legal conclusions.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Bar Putative Expert Witness and Expert Witness Report [104] is granted.

Date:     April 30, 2015                      _____
                                              JOHN W. DARRAH
                                              United States District Court Judge