UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW JOSEPH, ISAMU FAIRBANKS, IAN DOUGHTY, and MARTIN CRAIG, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| LISA CARNES, GREGORY PEASE, RICK JACOBS, and CHRIS HAMILTON, | ) ) ) ) |
| Defendants. | ) ) |

Case No. 13-cv-2279

Judge John W. Darrah

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Andrew Joseph, Isamu Fairbanks, Ian Doughty, and Martin Craig filed suit against Defendants Lisa Carnes, Gregory Pease, Rick Jacobs, and Chris Hamilton on March 26, 2013, alleging two counts: a civil cause of action under the Stored Communications Act (the "SCA"), 18 U.S.C. § 2701; and civil conspiracy. The parties stipulated to dismissal of Count II, the civil conspiracy count, with prejudice. Defendants have now moved for summary judgment on Count I. For the reasons set forth below, Defendants' Motion for Summary Judgment [109] is denied.

**LOCAL RULE 56.1**

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* Local Rule

56.1(b)(3)(C) permits the nonmovant to submit "any additional facts that require the denial of summary judgment. . . ." To overcome summary judgment, "the nonmoving party must file a response to each numbered paragraph in the moving party's statement." *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. *Id.* A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to the specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). If the nonmovant's response only provides extraneous or argumentative information, the response will fail to constitute a proper denial of the fact, and the fact will be admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Legal conclusions or otherwise unsupported statements, including those that rely upon inadmissible hearsay, will be disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). If the responding party fails to comply with Rule 56.1, its "additional facts may be ignored, and the properly supported facts asserted in the moving party's submissions are deemed admitted." *Gbur v. City of Harvey, Illinois*, 835 F. Supp. 2d 600, 606-07 (N.D. Ill. 2011). Substantial compliance is not enough; parties must strictly comply with the rule. *See Ammons*, 368 F.3d at 817.

**BACKGROUND**

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Fairbanks, LLC ("Fairbanks LLC") is an Illinois limited liability company. (Def's. 56.1(a)(3), ¶ 1.) Fairbanks has five members who hold a 20 percent ownership interest: Plaintiffs Isamu Fairbanks and Andrew Joseph and Defendants Lisa Carnes, Rick Jacobs, and

Gregory Pease. (*Id.* at ¶ 2.) Defendant Chris Hamilton is a Fairbanks employee. (*Id.* at ¶ 4.) Plaintiff Martin Craig is a venture capitalist with no formal relationship to Fairbanks. (*Id.* at ¶ 5.)

Since 2005, Fairbanks LLC's e-mail system has been hosted by 123Together.com ("123Together"). (*Id.* at ¶ 19.) Fairbanks LLC's members and employees use Microsoft Outlook to send, receive, view, and store emails sent or received from their Fairbanks email addresses. (Pl's. 56.1(b)(3), ¶ 89.) Fairbanks LLC is the subscriber to the e-mail service and not the individuals who use the e-mail system. (Def's. 56.1(a)(3), ¶ 20.) One of the archive settings built into the e-mail system is called "Archiving for Compliance." (*Id.* at ¶ 26.) Email administrators have the capability to enable the archiving process and the capability to purchase email services. (*Id.* at ¶¶ 27-28.) The archiving function transfers e-mails to an archival email database provided by 123Together through a third company, Sonian. *See* (*Id.* at ¶ 29.) The communications can then be searched by those with access privileges. *See* (*Id.* at ¶ 30.) At some point, Pease asked Hamilton if Fairbanks had an archiving system. (*Id.* at ¶ 35.) After learning that archiving was not activated, Hamilton reported to Pease on how to enable archiving and what it would cost. (*Id.* at ¶ 36.) Pease directed Hamilton to activate the service and selected the type of archiving service. (*Id.* at ¶ 37.) Hamilton activated the archiving service on October 26, 2012. (*Id.* at ¶ 39.)

Once the archiving service was activated, email administrators had the ability to search communications company-wide after being designated "Search Admin Plus" ("SAP"). (*Id.* at ¶ 40.) Defendants Carnes, Hamilton and Pease were given SAP privileges. (*Id.* at ¶ 43.) Pease and Carnes asked Hamilton how to do a search. (*Id.* at ¶ 43.) Carnes then searched and

reviewed copies of emails sent or received by Plaintiffs through their Fairbanks LLC e-mail addresses. (*Id.* at ¶ 56.)

## LEGAL STANDARD

Summary judgment will be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts are required to view all facts and make reasonable inferences "in the light most favorable to" the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute of material facts exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To overcome a motion for summary judgment, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). The nonmovant must show "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248).

## ANALYSIS

A violation of the SCA occurs when an individual: "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage." 18 U.S.C. § 2701(a). "The SCA provides a private cause of action for unauthorized, intentional access to communications held in electronic storage." *Maremont v. Susan Fredman*

4

*Design Grp., Ltd.*, No. 10 C 7811, 2014 WL 812401, at *6 (N.D. Ill. Mar. 3, 2014) (citing *Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803 (7th Cir.2010)).

*Authorization*

There are exceptions to liability if the conduct is authorized: "(1) by the person or entity providing a wire or electronic communications service; (2) by a user of that service with respect to a communication of or intended for that user; or (3) [as provided] in section 2703, 2704 or 2518 of this title." 18 U.S.C. § 2701(c). A "user" is defined as "any person or entity who uses an electronic communication service *and is duly authorized by the provider* of such service to engage in that use." *See* 18 U.S.C. §§ 2711(1) and 2510(13) (emphasis added). "Authorization to access a 'facility' can be given by the entity providing the electronic communications service, which includes a private employer that provides email service to its employees." *Shefts v. Petrakis*, No. 10-CV-1104, 2011 WL 5930469, at *6 (C.D. Ill. Nov. 29, 2011). It is undisputed that Fairbanks LLC itself had the right to access Plaintiffs' e-mail accounts. What is in dispute is whether Defendants were authorized by Fairbanks LLC to access Plaintiffs' e-mail accounts.

"Compliance archiving" was enabled by Hamilton on October 26, 2012. (Def. Exh. 28.) As of August 9, 2013, Isamu Fairbanks, Pease, Carnes, and Hamilton had "Search Admin PLUS Privilege." (Def. Exh. 28.) According to the Amended and Restated Operating Agreement of Fairbanks LLC: "The management of the Company shall be exclusively by Members. All Company decisions shall be decided by Members holding a Majority Interest…" (Pl. Exh. A at p. 11.) The Operating Agreement also states that: "The Members shall, jointly, have all powers available under Illinois law, including, but not limited to: . . . (d) the power to enter into contracts on behalf of the Company." (Pl. Exh. A at p. 12.)

5

Defendants argue that adding the archiving feature was not the formation of a new contract and that the feature could be effectuated by pressing a button. However, the records of 123Together indicate that the first bill reflecting the ability to search company-wide e-mail of all users was on November 1, 2012. (Def's. Exh. 22 at 64:9-19.) Before that was enabled, no e-mail administrator for Fairbanks LLC could access the archived information with respect to the company-wide e-mail. (Def's. Exh. 22 at 64:20-24.) The archived information was made searchable for no extra cost. (Def's. Exh. 22 at 73:2-4.) Defendants make the argument that e-mail administrators have the inherent authority to access the archives, but this is not supported by the record. The archives must be activated by the administrator so the function cannot be inherent. Further, according to Krishna Prataru's deposition, this includes an extra cost per the user authorized to access the archives. (Def's Exh. 22 at 70:12-71:5.) While Hamilton and Carnes may have possessed the capability to activate the archiving service as e-mail administrators, whether the purchase of the archiving service was authorized by Fairbanks LLC is a question of material fact for the jury.

Defendants further argue that because archiving services were authorized by 123Together, they are excused from liability. The statute "at least theoretically establishes virtually complete immunity for a *service provider* that obtains, alters, or prevents authorized access to e-mail that is in electronic storage in its system." *Cornerstone Consultants, Inc. v. Prod. Input Solutions*, L.L.C., 789 F. Supp. 2d 1029, 1042 (N.D. Iowa 2011) (citing *United States v. Councilman*, 418 F.3d 67, 81 (1st Cir.2005); and *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 115 (3d Cir. 2003)). However, from the legislative history of the SCA, it is clear that service providers themselves have the authority to obtain, alter or prevent authorized access to e-mail, not that they can grant that authority to any other party they wish. *See Cousineau v.*

*Microsoft Corp.*, 992 F. Supp. 2d 1116, 1126 (W.D. Wash. 2012) (citing S.Rep. No. 541, 99th Cong., 2nd Sess. Reprinted in, 1986 U.S.C.C.A.N. 3555, 3574 ("The provider of electronic communications services may have to monitor a stream of transmissions in order to properly route, terminate, and otherwise manage the individual messages they contain.")). Giving service providers the ability to authorize any intrusion into any customer's messages could erase all liability and defeats the purpose of the statute.

Plaintiffs have shown sufficient facts such that a reasonable jury could return a verdict in their favor on the issue of authorization.

*Archived Communications*

Defendants also argue that the SCA does not protect messages after they have been received by the addressee. Communications are protected while they are in "electronic storage" which is defined as "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17)(A)-(B). Section 2510 (17)(A) is clearly inapposite to this case as the communications allegedly accessed here had previously been transmitted to their sender. Therefore, the proper inquiry is whether the messages were stored for purposes of backup communication. Most courts have held that electronic storage "applies to backup storage regardless of whether it is intermediate or post-transmission." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1075-76 (9th Cir.2004); *see also Shefts*, 2011 WL 5930469, at *5. Here, the archived e-mails were stored in a database provided by 123Together through Sonian. *See* (Def's. 56.1(a)(3), ¶ 29.) The communications were stored in a database after transmission and clearly fall under § 2510 (17)(B).

*Damages*

Defendants also argue that Plaintiffs cannot prove damages, as there are no actual damages. Section 2707(c) uses permissive language that the Court "may assess as damages" actual damages and profits which "seems to offer [the actual damages] formula as one means of calculation" but does not necessarily exclude statutory damages. *Maremont v. Susan Fredman Design Grp., Ltd.*, No. 10 C 7811, 2014 WL 812401, at *7 (N.D. Ill. Mar. 3, 2014) (citing *Shefts v. Petrakis*, 931 F. Supp. 2d 916, 918 (C.D. Ill. 2013)). Several district courts have found that the SCA does not require actual damages as a precursor to recovery. *Shefts*, 931 F. Supp. 2d at 919; *Maremont*, 2014 WL 812401, at *7; *Cedar Hill Assocs., Inc. v. Paget*, No. 04 C 0557, 2005 WL 3430562, at *2 (N.D. Ill. Dec. 9, 2005). Therefore, Plaintiffs do not need to show actual damages or lost profits to receive statutory damages.

*Waiver and Unlawful Conduct*

Defendants argue that Plaintiffs have waived their claims because Plaintiffs possess the messages in question and voluntarily sent the messages through Fairbanks LLC e-mail system. Defendants cite to no authority that individuals waive their rights under the SCA by voluntarily using electronic communications services. Indeed, that reasoning would eviscerate the statute as, presumably, most e-mails are sent voluntarily. Defendants also argue that Plaintiffs have no right to commit unlawful conduct. Again, Defendants cite to no authority that individuals waive their rights under the SCA by using electronic communications services to commit unlawful conduct. Further, whether Plaintiffs broke the law, or violated Fairbanks LLC's Operating Agreement, in their e-mails is not the issue before this Court.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion for Summary Judgment [109] is denied.

Date: _____June 4, 2015_____  _____
JOHN W. DARRAH
United States District Court Judge