UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREW JOSEPH** *et al.* | ) | No. 13 C 2279 |
| | ) | |
| Plaintiffs, | ) | Hon. John W. Darrah |
| | ) | |
| **LISA CARNES** *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants Lisa Carnes and Chris Hamilton, by their attorneys, the Law Office of Peter Ordower, PC, and Kulwin, Masciopinto & Kulwin, LLP, pursuant to Federal Rule of Civil Procedure 50(a), respectfully submit this motion for judgment as a matter of law on Plaintiffs' claims under the Stored Communications Act (SCA), 18 U.S.C. § 2701.

### I. LEGAL STANDARD

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue . . . [and] a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). "In other words, the question is simply whether the evidence as a whole, when combined with all reasonable inferences permissibly drawn from that evidence, is sufficient to allow a reasonable jury to find in favor of the plaintiff. '[A] mere scintilla' of evidence, however, will not suffice." Hall v. Forest River, Inc., 536 F.3d 615, 619 (7th Cir. 2008) (citations omitted); see also Southport Bank v. Miles, No. 10 C 8321, 2014 WL 1292452, at *3 (N.D. Ill. Mar. 27, 2014) (emphasis added).

## II. PLAINTIFFS' BURDEN OF PROOF REGARDING THEIR SCA CLAIMS

In Count I of their complaint, Plaintiffs allege that Defendants Lisa Carnes and Chris Hamilton violated the SCA. A civil cause of action under the SCA is permissible only if a defendant is "aggrieved by any violation . . . in which *the conduct constituting the violation is engaged in with a knowing or intentional state of mind.*" 18 U.S.C. § 2707(a) (providing for civil cause of action for SCA violation) (emphasis added). This SCA element requires a "*subjective inquiry*" into whether a defendant subjectively "*understood herself to be authorized* or what *she considered* to be the scope of her authorization" to access a facility through which an electronic communication service is provided. Chen v. Romo, 2012 WL 6021369 at *4-5 (D. Mass. Nov. 28, 2012).

In addition to the foregoing *mens rea* requirement for a civil (as opposed to criminal) SCA claim, Plaintiffs also must establish that Defendants: (1) "*obtain[ed]* . . . a wire or electronic communication while it [was] in electric storage," by (2) either "*intentionally access[ing] without authorization* a facility through which an electronic communication service [was] provided," or "*intentionally exeed[ing] an authorization* to access that facility." 18 U.S.C. § 2701(a). (emphasis added).

## III. DEFENDANT HAMILTON IS ENTITLED TO A RULE 50(A) JUDGMENT

Defendant Chris Hamilton is entitled to a Rule 50(a) judgment as a matter of law on at least two separate grounds.

### A. No Evidence of Any Knowing & Intentional Unauthorized Access

First, Plaintiffs have failed to present any evidence to establish that Defendant Hamilton with a "knowing or intentional state of mind" "intentionally accessed without authorization," or

"intentionally exceeded his authorization" to access the company's archive of company emails. All of the evidence is to the contrary. Indeed, the evidence in this case is that, on one occasion—November 5, 2012—Defendant Hamilton accessed the Fairbanks, LLC archive of company emails. However, the undisputed evidence is also that, on November 5, 2012, Defendant Hamilton subjectively and reasonably believed he was authorized to access the Fairbanks, LLC archive of company emails. At the time, Defendant Hamilton was the Manager of Information Services for Fairbanks, LLC. In that capacity, the company charged Defendant Hamilton with the responsibility to administer and manage Fairbanks, LLC's email system which, necessarily, included the company's archive of company emails. Fairbanks, LLC also designated Defendant Hamilton specifically as an email administrator for the company's email system, which, as the evidence at trial proved, included the authority to access and search the archive facility. As a result, the evidence was clear and consistent that at all material times Defendant Hamilton subjectively believed that he was authorized by Fairbanks, LLC to access Plaintiffs' e-mail accounts, and Plaintiffs produced no evidence to the contrary.

Any doubt about whether Defendant Hamilton "intentionally exceeded his authority" (or intentionally accessed without authority) the company archive facility was extinguished by undisputed evidence at trial that, on November 5, 2012, the company's owners (Greg Pease and Lisa Carnes) and his immediate supervisor (Greg Pease) explicitly directed Defendant Hamilton to access and search the company's archive facility. The company's position description required Defendant Hamilton to follow this direction, such that Defendant Hamilton's accessing of the facility under these circumstances could never be "knowingly unauthorized."

3

As this Court stated in its summary judgment ruling, there can be no SCA liability if the conduct is authorized. Joseph, 2015 WL 3545410, at *2. Specifically, this Court held that "authorization to access a 'facility' can be given by the entity providing the electronic communications service, which includes a private employer that provides email service to its employees." Id. (citing Shefts v. Petrakis, No. 10–CV–1104, 2011 WL 5930469, at *6 (C.D.Ill. Nov. 29, 2011)). See also Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 115 (3d Cir. 2003); Devine v. Kapasi, 729 F. Supp. 2d 1024, 1028–29 (N.D. Ill. 2010) (relying on Fraser to hold that § 2701 applies to private employers, even when they do not provide electronic communications service to the public).

Here, the evidence presented at trial established conclusively that Supervisor Pease and Principal-Owner Lisa Carnes expressly directed Defendant Hamilton to access the Fairbanks, LLC archive of company emails in order to provide them with a demonstration on how to access and search the company archive facility. Significantly (and unsurprisingly), Defendant Hamilton complied, as he was required to do under the company's job description. For this reason alone and on this record, there is no legally sufficient evidentiary basis for the jury to find that Defendant Hamilton intentionally and knowingly accessed without authorization the Fairbanks, LLC archive of company emails. As a result, for this reason alone, Defendant Hamilton is entitled to judgment as a matter of law on Plaintiffs' SCA claim.

B.  No Evidence Of Any "Obtained" Electronic Communications

Secondly, Defendant Hamilton also is entitled to a Rule 50(a) judgment as a matter of law because Plaintiffs presented no evidence whatsoever that Defendant Hamilton "obtained" any electronic communication(s), as required by the SCA, on the sole occasion that he accessed

4

the facility on November 5, 2012, at the direction of Supervisor Pease and Lisa Carnes.  18 U.S.C. § 2701(a).

Defendant Hamilton never "obtained" any archived electronic communication. Defendant Hamilton testified that he made no PDFs of any archived company email, never activated any message download, and engaged in no other action to "obtain" any archived company email, on the sole occasion that he accessed and searched the archive facility (again, as directed by the Fairbanks, LLC owners and his superiors).  Plaintiffs' own User Activity Report (PX 170) proves these facts conclusively.  Nor, as Plaintiffs seemingly contend, does any type of quick skimming or glancing view of archived electronic communications qualify as "obtaining" an electronic communication, as required to create liability under the SCA. However, even assuming *arguendo* that skimming (or glancing at) partial email results on a results page could possible qualify as "obtaining" an electronic communication under the SCA (it cannot), Defendant Hamilton testified that he did not even review any archived company email on the sole occasion that he searched the archive, which merely took a few minutes in total.  Accordingly, for these reasons as well, Defendant Hamilton is entitled to a judgment as a matter of law.

## IV. DEFENDANT CARNES IS ENTITLED TO A RULE 50(A) JUDGMENT

Defendant Lisa Carnes also is entitled to a Rule 50(a) judgment as a matter of law, again for at least two distinct reasons.

### A. No Evidence of Any Knowing & Intentional Unauthorized Access

Plaintiffs have failed to present any evidence to establish that Defendant Carnes with a "knowing or intentional state of mind" "intentionally accessed without authorization" or

"intentionally exceeded her authorization" to access the company's archive facility of company emails. Chen v. Romo, 2012 WL 6021369 at *4-5 (D. Mass. Nov. 28, 2012) (a civil claim under the SCA requires, *inter alia*, a "***subjective inquiry***" into whether a defendant subjectively "***understood herself to be authorized*** or what ***she considered*** to be the scope of her authorization").

All of the evidence supports that Defendant Carnes did not intentionally and knowingly exceed her authorization (or knowingly and intentionally access without authority) the company archive facility. The unrebutted evidence is that Defendant Carnes subjectively believed that she was authorized to access the company's archive facility. Defendant Carnes subjectively believed herself to be so authorized because, *inter alia*:

(1) she was an principal-owner of the company;

(2) she was an owner-fiduciary pursuant to the company's operating agreement, and, in good faith, believed that a search of the company archive facility was required to protect the company from harm involving two self-dealing principal-owners; and

(3) the company had designated her an email administrator for the company's email system, which included the authority to access and search the company's archive facility, which she did via her company initiated password for the archive facility.

Plaintiffs presented no evidence to rebut the fact that Defendant Carnes subjectively believed that she was authorized to access the email archives. As a result, there is no legally sufficient basis upon which the jury could find that Defendant Carnes intentionally and knowingly exceeded her authorization (or knowingly and intentionally accessed without authority) the company archive facility.

B. <u>Defendant Carnes Was Authorized To Access The Company Facility</u>

Defendant Carnes is also entitled to a Rule 50(a) judgment as a matter of law because the evidence at trial conclusively established that Defendant Carnes was, in fact, authorized to access Fairbanks, LLC's archive facility. These reasons for this are, *inter alia*:

(1) she was a principal-owner of the company;

(2) she was an owner-fiduciary pursuant to the company's operating agreement, and, in good faith, believed that a search of the company archive facility was required to protect the company from harm involving two self-dealing principal-owners;

(3) the company had designated her an email administrator for the company's email system, which included the authority to access and search the company's archive facility, which she did via her company provided password for the archive facility;

(4) Plaintiff Isamu Fairbanks engaged in precisely the same conduct by accessing, searching, and pdf'ing archived company email within the company's archive facility, on multiple occasions, proving that email administrators and owners (like Plaintiff Fairbanks and Defendant Carnes) had authority to access the company archive facility; and

(5) The company in May 2013, including Plaintiff Fairbanks, insisted that the company archive of company emails be re-enabled after it was inadvertently disenabled by 123Together, without any company objection, company vote, or company modification to the prior archive privileges for Defendant Carnes (or any other email administrator).

Plaintiffs failed to present any evidence to the contrary. As such and on this record, no reasonable jury could conclude that Defendant Carnes acted without authorization, much less knowingly and intentionally so.

## V. CONCLUSION

WHEREFORE, Defendant Carnes and Defendant Hamilton respectfully request that this Court enter a Rule 50(a) judgment as a matter of law in their favor.

Respectfully Submitted,                          Respectfully Submitted,

Law Office of Peter Ordower, PC                  Kulwin, Masciopinto & Kulwin LLP

By: s/Peter Ordower                              By: s/Anthony J. Masciopinto
    One of the Attorneys                         One of the Attorneys
    For Defendants                               For Defendants

    Peter Ordower                                Anthony J. Masciopinto
    Law Office of Peter Ordower, PC              Kulwin, Masciopinto & Kulwin, LLP
    10 S. LaSalle Street, Suite 3500             161 N. Clark Street, Suite 2500
    Chicago, IL 60603                            Chicago, IL 60601
    T: 312.263.8060                              T: 312.641.0300
    F: 312.263.8083                              F: 312.855.0350
    E: lawfocus@msn.com                          E: amasciopinto@kmklawllp.com